[No. 15652.   Department One.   March 8, 1920.]

WESTERN HARDWARE & METAL COMPANY, *Respondent*, v.
H. G. NORDEEN *et al., Appellants.*[1]

HUSBAND AND WIFE (94) — COMMUNITY PROPERTY — JUDGMENT —
FORM.  In an action against guarantors and their wives, a verdict
and judgment against H. G. N. and O. M. N., his wife, is in effect a
judgment against the community and not objectionable as a sep-
arate judgment against the wife.

GUARANTY (9) — CONSTRUCTION — EXTENT OF LIABILITY — FUTURE
SALES.  A guaranty agreement to save from loss an account of mer-
chandise sold or to be sold to a corporation, covers for future as
well as past sales.

ASSIGNMENTS FOR BENEFIT OF CREDITORS (35)—RIGHTS OF ASSIGNOR
—RELEASE OF DEBTS.  A voluntary assignment for the benefit of credi-
tors is not a final payment and settlement of the indebtedness where
there was nothing to that effect in the assignment and no agreement
on the part of creditors to release the assignor.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered June 11, 1919,
upon the verdict of a jury rendered in favor of the
plaintiff by direction of the court, in an action on con-
tract.  Affirmed.

*Williams & Davis,* for appellants.

*Sherwood & Mansfield* and *F. C. Kapp,* for respond-
ent.

MAIN, J.—This action is based upon a written instru-
ment made for the purpose of guaranteeing the pay-
ment of such goods, wares and merchandise as the
plaintiff might sell and deliver to The Nordeen Iron
Works.  The execution of the instrument was admitted
by the answer, but it was sought to be avoided by plead-
ing an affirmative defense which will be subsequently
referred to.  The cause came on for trial before the

[1]Reported in 188 Pac. 1.

court and a jury. At the close of all the evidence, the plaintiff moved for a directed verdict. This motion was sustained, and from the judgment entered upon the verdict the appeal is prosecuted by the defendant.

The appellants were the stockholders and officers of The Nordeen Iron Works, a corporation, together with their respective wives. The respondent was a corporation engaged in business in Seattle. From time to time it sold and delivered to The Nordeen Iron Works material to be used by that company in its foundry and machine shop. The Nordeen Iron Works was slow in making payments upon the account, and was from time to time urged by the credit man of the respondent to be more prompt. In order to protect the account of the respondent, the appellants, H. C. Nordeen, J. G. Nordeen and C. G. Nordeen, signed the guaranty agreement which is the basis of this action. The account not being paid, from time to time notes were signed by The Nordeen Iron Works and delivered to the respondent. In the complaint the sale and delivery of the material was alleged, the notes were pleaded in separate causes of action, and recovery was sought upon the guaranty. The Nordeen Iron Works, being indebted not only to the respondent but to a large number of other creditors, made an assignment to one S. T. Hills representing The Seattle Merchants' Association for the benefit of all of its creditors. The assignment was the result of a conversation between H. G. Nordeen, the manager of the Nordeen Iron Works, and the credit man for the respondent. The other creditors of the Nordeen Iron Works were not parties to the assignment. As above stated, by this action recovery was had upon the guaranty. The appellants first object to the form of the judgment. The directed verdict was in the following form:

"We, the jury duly empaneled and sworn in the above entitled cause, do find for the plaintiff, Western Hardware & Metal Company, and we fix the amount of its recovery against H. G. Nordeen and Ora M. Nordeen, his wife, at $1088.80, and we fix the amount of its recovery against all other defendants at $947.95."

The judgment entered by the clerk upon this verdict is as follows: "Judgment entered in accordance with the verdict." The claim made is that this is, in effect, a separate judgment against the wives of the signers of the guaranty, and for that reason is erroneous. In order to determine the scope of the judgment, it is necessary to look to the form of the verdict. It is there recited that a recovery be had against H. G. Nordeen and Ora M. Nordeen, his wife. This was, in effect, a judgment against the community composed of the husband and wife. There is nothing in the language that indicates that the judgment was a separate one against the wife. As to the other parties, the judgment, read in connection with the verdict, is against all other defendants. The other defendants, as recited in the caption of the verdict, were: "J. G. Nordeen and Augusta Nordeen, his wife, and C. G. Nordeen and Winnifred Nordeen, his wife." Construing the judgment and verdict by reference to the caption, it indicates that the judgment was not intended as a separate judgment against the wives. While the verdict is not carefully drawn, the construction indicated is the one which it reasonably bears. Moreover, had the appellant suggested, at the time the verdict was returned, that its language be changed so that it read as the ordinary verdict in such cases, this undoubtedly would have been done.

It is next claimed, that the evidence fails to show that the goods, wares, and merchandise were furnished; but there is no merit in this contention. While the

evidence is general, it is amply sufficient to show the sale and delivery. Upon this question there is no evidence disputing that offered by the respondent.

The next point relates to the guaranty agreement; the position here being that that agreement did not cover goods sold after its date. The agreement is as follows: "For value received I hereby guarantee to save you from loss on account of merchandise sold or to be sold by you on credit to the Nordeen Iron Works of Everett, Washington." This agreement by its express terms covers not only the merchandise previously sold on account, but also that "to be sold." The agreement therefore covered future as well as past sales.

The last point presents the question raised by the affirmative defense in the answer and the evidence offered in support thereof. The answer, in effect, pleaded that the assignment above mentioned was intended to be a complete and final payment and settlement of all indebtedness owing by the Nordeen Iron Works to the respondent. The evidence offered does not support the defense as pleaded. The testimony on this question was well summarized by the trial court, as follows:

"Well, gentlemen, this is purely a question of law, and I cannot find in this testimony anything which, giving it every possible—construing its meaning as strongly as possible in favor of the one who gave it, I cannot find in it anything that would justify a jury or a court in determining that there has been any express promise to release anybody from any obligations on account of that assignment other than those which would naturally flow from an assignment — from a bankruptcy proceeding or from an ordinary assignment for the benefit of creditors; not as much as that because in that—a voluntary assignment for the benefit of creditors does release the assignor of all obligations to pay, but I cannot see anything in this testimony which relieves anybody from the obligation to pay any-

thing that might remain unpaid after disposal of all the assets, because Mr. Nordeen continues to reiterate that this agreement applied to all creditors as well as to the Western Hardware Company; and he knew that Mr. Speckert had no authority to bind any other creditor. Now there is nothing in the assignment itself as made which tends to extend the effect of an ordinary assignment of that character. It is just the ordinary case of a debtor turning over his property to be divided pro rata among his creditors. There is no use going into a long lot of testimony and submitting the question to the jury.''

Not only did the evidence fail to show that no creditor other than the respondent participated in inducing the assignment, but it also fails to show that it was to operate as a release of the stockholders upon their guaranty contract.

There is no evidence nor inference from the evidence which would sustain any other result than that arrived at by the trial court. The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MITCHELL, JJ., concur.